

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE GRIESA

————————————————————————X

MAKEDA BARNES-JOSEPH,

07 CV 11464

Plaintiff,

**COMPLAINT**

- against -

JURY TRIAL DEMANDED

REMY SMITH, REMY SMITH p/k/a REMY MA,
REMY K. SMITH p/k/a REMY MARTIN,
REMYNISCE MUSIC, INC.,
NEW ERA ENTERTAINMENT, INC.,
JOSEPH M. SHERMAN a/k/a JOSEPH D. SHERMAN,
individually and as Chief Executive Officer of NEW ERA
ENTERTAINMENT, INC., JENNIFER B. TURNER,
SURE SHOT RECORDINGS, INC., a/k/a SURE SHOT
RECORDS, CHRIS LANDRY, individually and as Chief
Executive Officer of SURE SHOT RECORDINGS, INC.,
REACH GLOBAL, INC., MICHAEL CLOSTER,
individually and as Chief Executive Officer of REACH
GLOBAL, INC., STREET RECORDS CORPORATION
a/k/a SRC, STEVE RIFKIND, individually and as Chief
Executive Officer of STREET RECORDS CORPORATION,
UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC
INVESTMENTS, INC., UNIVERSAL MUSIC GROUP
DISTRIBUTION, CORP., DOUGLAS P. MORRIS,
individually and as Chief Executive Officer of UNIVERSAL
MUSIC GROUP, INC., as Chief Executive Officer of
UNIVERSAL MUSIC INVESTMENTS, INC. and as Chief
Executive Officer of UNIVERSAL MUSIC GROUP
DISTRIBUTION, CORP., UNIVERSAL MUSIC CANADA,
PADELL NADELL FINE & WEINBERGER LLP,
POP 3 LLC d/b/a PIZZA BAR, THE PIZZA BAR, INC.,
SASHA TCHEREKOFF, individually and as Chief Executive
Officer of THE PIZZA BAR, INC., JOHN DOES 1 through 3,
being individuals whose names have not yet been ascertained
by the plaintiff,



Defendants.

————————————————————————X

Plaintiff, MAKEDA BARNES-JOSEPH, by her attorneys, THE LAW OFFICES OF

LAUREN P. RAYSOR, as and for her Verified Complaint, respectfully alleges the following

upon information and belief:

## JURISDICTION

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1332 (a)(1), 28 U.S.C. 1332(c)(1), diversity of citizenship and amount.

2.    Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1367.

3.    The matter in controversy exceeds the sum of seventy-five thousand dollars, exclusive of interests and costs.

## VENUE

4.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 28 and pleads these allegations with the same force and effect as if fully set forth herein.

5.    Under 28 U.S.C. Sec.1391(b), venue is proper in the Southern District of New York because the events giving rise to the Plaintiff's claims occurred in that District and Plaintiff submits to the jurisdiction of that court.

## PARTIES

6.    At all times mentioned herein, Plaintiff MAKEDA BARNES-JOSEPH, (hereinafter referred to as "Plaintiff") was and is a resident of the County of Bronx, City and State of New York.

7.    At all times mentioned herein, Plaintiff resided at                    .

8.    At all times mentioned herein, Defendant REMY SMITH, (hereinafter referred to as "Smith"), Defendant REMY SMITH, professionally known as REMY MA (hereinafter referred to as "Remy Ma") and Defendant REMY SMITH, professionally known as REMY MARTIN and was and is a resident of the County of Bergen in the State of New Jersey.

9.    At all times mentioned herein, Smith, Remy Ma and Remy Martin resided at 69 Knox Avenue, Cliffside Park, New Jersey 07010.

10.    At all times mentioned herein, Defendant REMYNISCE MUSIC, INC., (hereinafter referred to as "Remynisce") was and is a domestic corporation duly organized and existing pursuant to and under the laws of the State of New York.

11.    At all times mentioned herein, Defendant Remynisce maintained a principal place of business at 156 West 56th Street, 4th Floor, New York, New York 10019.

12.    At all times mentioned herein, throughout the United States, Remynisce engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

13.    At all times mentioned herein, Remynisce was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

14.    At all times mentioned herein, Defendant NEW ERA ENTERTAINMENT, INC. (hereinafter referred to as "New Era") is a corporation duly organized and existing pursuant to and under the laws of the State of New York.

15.    At all times mentioned herein, New Era Entertainment maintained a principal place of business at 53 West 36th Street, Suite 203, New York, New York 10018.

16.    At all times mentioned herein, throughout the United States, New Era engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

17.    At all times mentioned herein, New Era was an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

18.    At all times mentioned herein, Defendant JOSEPH M. SHERMAN a/k/a JOSEPH D. SHERMAN, (hereinafter referred to as "Sherman") was and is a resident of the County of Westchester in the State of New York.

19.    At all times mentioned herein, Sherman resided at 68 Cornell Avenue, Yonkers, New York 10705.

20.    At all times mentioned herein, Sherman was and is the Chief Executive Officer of New Era.

21.    At all times mentioned herein, throughout the United States, Sherman engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

22.    At all times mentioned herein, Sherman managed business and public affairs of Remy Ma and Remy Martin, promoted Smith's professional personae as Remy Ma and Remy Martin and secured contracts for said personae for their endorsement of products and services and musical performances.

23.    At all times mentioned herein, Sherman was an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

24.    At all times mentioned herein, Defendant JENNIFER B. TURNER, (hereinafter referred to as "Turner") was and is a resident of the State of New Jersey and resided at 21 Jewett Avenue, Jersey City, New Jersey 07304.

25.    At all times mentioned herein, Turner was and is the Talent Manager for defendants Smith, Remy Ma and Remy Martin.

26.    At all times mentioned herein, throughout the United States, Turner engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

27.    At all times mentioned herein, Turner managed the day to day business and public affairs of Remy Ma and Remy Martin, promoted Smith's professional personae as Remy Ma and Remy Martin and secured contracts for said personae for their endorsement of products and services and musical performances.

28.    At all times mentioned herein, Turner was an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

29.    At all times mentioned herein, Defendant SURE SHOT RECORDINGS, INC., (hereinafter referred to as "Sure Shot") was and is a corporation duly organized and existing pursuant to and under the laws of the State of New York.

30.    At all times mentioned herein, Defendant Sure Shot maintained a principal place of business at 55 Hudson Street, Suite 5E, New York, New York, 10013.

31.    At all times mentioned herein, throughout the United States, Sure Shot engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

32.    At all times mentioned herein, Sure Shot was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

33.    At all times mentioned herein, Defendant CHRIS LANDRY, (hereinafter referred to as "Landry") was and is a resident of the State of New York.

34.    At all times mentioned herein, Landry maintained a place of business at 55 Hudson Street, Suite 5E, New York, New York, 10013.

35.    At all times mentioned herein, Landry was the Chief Executive Officer of Sure Shot.

36.    At all times mentioned herein, throughout the United States, Landry engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

37.    At all times mentioned herein, Landry was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

38.    At all times mentioned herein, Defendant REACH GLOBAL, INC., (hereinafter referred to as "Reach Global") was and is a corporation duly organized and existing pursuant to and under the laws of the State of Delaware.

39.    Reach Global is authorized to and regularly conducts business in the State of New York and maintains a principal place of business at 1776 Broadway, Suite 1810, New York, New York, 10019.

40.    At all times mentioned herein, throughout the United States, Reach Global engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and

promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

41.    At all times mentioned herein, Reach Global was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

42.    At all times mentioned herein, Defendant MICHAEL CLOSTER, (hereinafter referred to as "Closter") was and is a resident of the State of Florida.

43.    At all times mentioned herein, Closter resided at 101 North Clematis Street, Suite 301, West Palm Beach, Florida 33401.

44.    At all times mentioned herein, Closter was the Chief Executive Officer of Reach Global.

45.    At all times mentioned herein, throughout the United States, Closter engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

46.    At all times mentioned herein, Closter was an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

47.    At all times mentioned herein, Defendant STREET RECORDS CORPORATION trading as SRC, (hereinafter referred to "SRC") was and is a corporation duly organized and existing pursuant to and under the laws of the State of California.

48.    SRC is authorized to and regularly conducts business in the State of New York and maintains a principal place of business at 1755 Broadway, New York, New York 10019.

49.    At all times mentioned herein, throughout the United States, SRC engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale

of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

50.    At all mentioned herein, SRC was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

51.    At all times mentioned herein, Defendant STEVE RIFKIND (hereinafter referred to as "Rifkind") was and is a resident of the State of New York.

52.    At all times mentioned herein, Rifkind maintained a place of business at 1755 Broadway, New York, New York 10019.

53.    At all times mentioned herein, Rifkind was the Chief Executive Officer of SRC.

54.    At all times mentioned herein, Rifkind was an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

55.    At all times mentioned herein, Defendant UNIVERSAL MUSIC GROUP, INC. (hereinafter referred to as "Universal Music Group") was and is a corporation duly organized and existing pursuant to and under the laws of the State of Delaware.

56.    Universal Music Group is authorized to and regularly conducts business in the State of New York and maintains a principal place of business at 1325 Avenue of the Americas, New York, New York 10019.

57.    At all times mentioned herein, throughout the United States, Universal Music Group engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

58.    At all times mentioned herein, Universal Music Group was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

59.    At all times mentioned herein, Defendant UNIVERSAL MUSIC INVESTMENTS, INC., (hereinafter referred to as "Universal Music Investments") was and is a corporation duly organized and existing pursuant to and under the laws of the State of California.

60.    At all times mentioned herein, Universal Music Investments maintained a principal place of business at 10 Universal City Plaza, Universal City, California 91608.

61.    Universal Music Investments is authorized to and regularly conducts business in the State of New York.

62.    At all times mentioned herein, throughout the United States, Universal Music Investments engaged in and engages in production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

63.    At all times mentioned herein, Universal Music Investments was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

64.    At all times mentioned herein, Defendant UNIVERSAL MUSIC GROUP DISTRIBUTION, INC. (hereinafter referred to as "UMGD") was and is a corporation duly organized and existing pursuant to and under the laws of the State of Delaware.

65.    At all times mentioned herein, UMGD maintained a principal place of business at 10 Universal City Plaza, Universal City, California 91608.

66.    UMGD is authorized to and regularly conducts business in the State of New York.

67.    At all times mentioned herein, throughout the United States, UMGD engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and

sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

68.    At all times mentioned herein, UMGD was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

69.    At all times mentioned herein, Defendant DOUGLAS P. MORRIS, (hereinafter referred to as "Morris") was and is a resident of the State of New York.

70.    At all times mentioned herein, Morris maintained a place of business at 1755 Broadway, New York, New York 10019.

71.    At all times mentioned herein, Morris was the Chief Executive Officer of Universal Music Group, the Chief Executive Officer of Universal Music Investments and Chief Executive Officer of UMGD.

72.    At all times mentioned herein, throughout the United States, Morris engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

73.    At all times mentioned herein, Morris was and is an agent and/or employer of Smith, Remy Ma and Remy Martin.

74.    At all times mentioned herein, Defendant UNIVERSAL MUSIC CANADA was and is a corporation duly organized and existing pursuant to and under the laws of the country of Canada.

75.    At all times mentioned herein, UNIVERSAL MUSIC CANADA maintained a principal place of business at Universal Canada, 2450 Victoria Park Avenue, Suite #1, Toronto, Canada.

76.    UNIVERSAL MUSIC CANADA is authorized to and regularly conducts business in the State of New York.

77.    At all times mentioned herein, throughout the United States, UNIVERSAL MUSIC CANADA engaged in and engages in the production, recording, marketing, promotion, manufacture, distribution and sale of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

78.    At all times mentioned herein, UNIVERSAL MUSIC CANADA was and is an agent and/or employer of defendants Smith, Remy Ma and Remy Martin.

79.    At all times mentioned herein, Defendant PADELL NADELL FINE & WEINBERGER, LLP, (hereinafter referred to as "Padell") was and is a limited liability partnership duly organized and existing pursuant to and under the laws of the State of New York.

80.    At all times mentioned herein, Padell maintained a principal place of business at 59 Maiden Lane, 27th Floor, New York New York 10038.

81.    At all times mentioned herein, throughout the United States, Padell provided and provides accounting, bookkeeping and business assets management services to music recording artists and entertainers.

82.    At all times mentioned herein, Padell was and is a Business Manager for defendants Smith, Remy Ma and Remy Martin.

83.    At all times mentioned herein, Padell provided accounting and bookkeeping services to Smith, Remy Ma and Remy Martin and managed the personal and business assets of

these defendants for the purpose of earning profits and income from those assets for the

defendants.

84.    At all times mentioned herein, Padell managed business and public affairs of

Remy Ma and Remy Martin, promoted Smith's professional personae as Remy Ma and Remy

Martin and secured contracts for said personae for their endorsement of products and services.

85.    At all times mentioned herein, Padell was an agent of defendants Smith, Remy

Ma and Remy Martin.

86.    At all times mentioned herein, Defendant POP 3 LLC/ a/k/a PIZZA BAR

(hereinafter referred to as "POP 3") was and is a corporation duly organized and existing

pursuant to and under the laws of the State of New York.

87.    At all times mentioned herein, POP 3 maintained a principal place of business at

48-50 Ninth Avenue, New York, New York 10011.

88.    At all times mentioned herein, POP 3 operated and still operates a bar, restaurant

and night club at the premises known as and located at 48-50 Ninth Avenue, New York, New

York 10011.

89.    At all times mentioned herein, POP 3 and its principals, officers, directors, agents,

servants, independent contractors, and /or employees sold alcoholic beverages to the general

public to be consumed on POP 3's premises.

90.    At all times mentioned herein, Defendant THE PIZZA BAR, INC, (hereinafter

referred to as "the Pizza Bar") was and is a corporation duly organized and existing pursuant to

and under the laws of the State of New York.

91.    At all times mentioned herein, the Pizza Bar maintained a principal place of

business at 48-50 Ninth Avenue, New York, New York 10011.

92.    At all times mentioned herein, the Pizza Bar operated and still operates a bar, restaurant and night club at the premises known as and located at 48-50 Ninth Avenue, New York, New York 10011.

93.    At all times mentioned herein, the Pizza Bar and its principals, officers, directors, agents, servants, independent contractors, and /or employees sold alcoholic beverages to the general public to be consumed on the premises of the Pizza Bar.

94.    At all times mentioned herein, Defendant SASHA TCHEREKOFF (hereinafter referred to as "Tcherekoff") was and is a resident of the State of New York.

95.    At all times mentioned herein, Tcherekoff resided at and/or maintained a place of business at 48-50 Ninth Avenue, New York, New York 10011.

96.    At all times mentioned herein, Tcherekoff was the owner and Chief Executive Officer of the Pizza Bar.

97.    At all times mentioned herein, Defendants, JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 are individuals whose names are yet unknown to Plaintiff and who are believed to be residents of the State of New York.

98.    At all times mentioned herein, Defendants, JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 are individuals whose names are yet unknown to Plaintiff and who are believed to be residents of a State other than the State of New York.

## FACTS RELEVANT TO ALL CLAIMS

99.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 98 and pleads these allegations with the same force and effect as if fully set forth herein.

100.    At all times mentioned herein, Smith was and is a musical recording and performance artist.

101.    In or about the year 2000, Defendants Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees created personae known as "Remy Ma" and "Remy Martin" for the purpose of these defendants' production, recording, marketing, promotion, manufacture, distribution and sale to the general public of recorded music, music videos, licensed products and the organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin.

102.    That at all relevant times, said personae were created and maintained and are still maintained using the economic, marketing and publicity resources of Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees.

103.    Since their creation, Smith has exclusively assumed the personae of "Remy Ma" and/or "Remy Martin" and engaged in personal and business activities as such personae.

104.    Since their creation, Smith has exclusively assumed the personae of "Remy Ma" and "Remy Martin" to engage in musical performances and musical entertainment.

105.    Since their creation, Smith has exclusively assumed the personae of "Remy Ma" and/or "Remy Martin" when appearing in public and when interacting with the general public.

102.    The characters of the personae known as "Remy Ma" and "Remy Martin" were designed, created, marketed and promoted by Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, their principals, officers, directors, agents, servants and/or employees as anti-social, violent, physically aggressive and intimidating, anti-authoritarian,

confrontational, disrespectful and at all times, being engaged in criminal and illegal conduct without regard to the consequences thereof to said personae and to the general public and specifically, to Plaintiff.

106.    Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees intended and still intend that such design, creation, marketing and promotion of the characters of the personae "Remy Ma" and "Remy Martin" enhance the image and publicity of said personae as performers and their appeal to their musical audiences.

107.    At all times mentioned herein, the personae "Remy Ma" and "Remy Martin" were designed, created, marketed and promoted for the benefit of and for the financial profit and economic benefit of Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees.

108.    Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees knew that at all times since the creation of the personae "Remy Ma" and "Remy Martin", Smith has engaged in and continues to engage in conduct which threatened the life, safety, liberty, security and peace of the general public, including, but not limited to weapons possession and assault and that she has done so using the personae of Remy Ma and Remy Martin.

109.    Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris,

Universal Music Canada, their principals, officers, directors, agents, servants and/or employees encouraged and promoted the dangerous conduct Smith engaged in as the personae "Remy Ma" and "Remy Martin" to gain financial profit and economic benefit.

110.    Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees did derive and still derive financial profit and economic benefit from the design, creation, marketing, promotion and continuing development of the personae "Remy Ma" and "Remy Martin" as being dangerous to the life, safety, liberty and security of the general public and from the conduct Smith engaged in while assuming said personae.

111.    At all relevant times, Defendants John Does 1 through 3 were agents, servants, and/or employees of Smith, Remy Ma and Remy Martin.

112.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Remynisce.

113.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of New Era Entertainment.

114.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Sherman.

115.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants and/or employees of Turner.

116.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Sure Shot.

117.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Landry.

118.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Reach Global.

119.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Closter.

120.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of SRC.

121.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Rifkind.

122.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Universal Music Group.

123.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Universal Music Investments.

124.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of UMGD.

125.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Morris.

126.    At all relevant times, Defendants John Does 1 through 3 were and are agents, servants, and/or employees of Universal Music Canada.

127.    At all relevant times, Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees supervised, managed, controlled and instructed and/or caused others to supervise, manage, control and instruct Defendants John Does 1 through 3 in their actions and conduct.

128.    At all relevant times, Defendants John Does 1 through 3 were employed, contracted and otherwise retained by Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees to enhance, protect, foster and promote the personae "Remy Ma" and "Remy Martin" as being dangerous to the life, safety, liberty and security of the general public in order to increase the monetary profits and economic benefit of said Defendants.

129.    At all relevant times, Defendants John Does 1 through 3 conducted themselves and acted in a manner that was dangerous to and threatened the life, safety, liberty, security and peace of the general public and particularly, in their dealings with Plaintiff.

130.    Such conduct by Defendants John Does 1 through 3 was intended to and did protect, promote and enhance the characterization of personae "Remy Ma" and "Remy Martin" as a danger and threat to the life, safety, liberty, security and peace of the general public and to actually cause detriment to the general public solely for the purpose of gaining and increasing the monetary profit and economic benefit of all the defendants.

131.    On July 14, 2007 and prior thereto, Defendants Remynisce, New Era Entertainment, Sherman, Turner, Sure Shot, Landry, Reach Global, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees knew, or in the exercise of reasonable diligence, should have known, that Smith acting in the personae of Remy Ma and/or Remy Martin, individually, and in conjunction with her and their associates John Does 1 through 3, was promoting her status as a celebrity by engaging in physical violence and illegal conduct against various individuals, including members of the general public and ignored, failed to, halt, discourage or protect the general public from such behavior.

132.    The disregard of the danger and threat to the life, safety, liberty, security and peace of the general public and actual detriment to the general public caused by the behavior of Smith, Remy Ma, Remy Martin and John Does 1 through 3 by Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees and their failure and/or refusal to halt, discourage or protect the general public from said behavior was solely for the purpose of gaining and increasing the monetary profit and economic benefit of all the defendants named herein.

133.    That Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, their principals, officers, directors, agents, servants and/or employees utilized the unlawful and illegal behavior and promoted the image created thereby as part of their campaign to market, distribute and sell recorded music, music videos, licensed products which feature music performed by Remy Ma and Remy Martin and to organize and promote concerts and other entertainment events featuring Remy Ma and Remy Martin and their music.

134.    At all times mentioned herein, Remy Ma and/or Remy Martin was a recording artist under written contract to Remynisce.

135.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to New Era Entertainment.

136.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract with Sherman.

137.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract with Turner.

138.    At all times mentioned herein, , Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to Sure Shot.

139.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract with Landry.

140.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to Reach Global.

141.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to Closter.

142.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to SRC.

143.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to Rifkind.

144.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to Universal Music Group.

145.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to Universal Music Investments.

146.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to UMGD.

147.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to Morris.

148.    At all times mentioned herein, Remy Ma and/or Remy Martin was a song writer and music recording artist under written contract to Universal Music Canada.

149.    In the production, recording, marketing, promotion, manufacture, distribution and sale to the general public of recorded music, music videos, licensed products and the

organization and promotion of concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin, Defendants Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris and Universal Music Canada acted and still act as agents for each other and as such each is liable for each other's acts.

150.    On or about July 14, 2007, Plaintiff attended a friend's birthday party which was continued at the Pizza Bar.

151.    Smith attended the birthday party in the personae of Remy Ma and/or Remy Martin.

152.    At approximately 3:40 a.m. Smith, Remy Ma and Remy Martin left the Pizza Bar and got into a vehicle accompanied by John Does1 through 3.

153.    At approximately 3:40 a.m. Plaintiff left the Pizza Bar and got into her own car.

154.    Shortly thereafter, Defendant approached Plaintiff's vehicle with a cocked gun while Plaintiff was seated in the driver's seat.

155.    Smith, Remy Ma and Remy Martin exited her own vehicle with a cocked gun and forcefully opened the passenger side door of Plaintiff's car and entered the Plaintiff's car on the passenger side without permission or invitation.

156.    Smith, Remy Ma and Remy Martin then pointed a gun at Plaintiff, shouted angrily at Plaintiff while accusing Plaintiff of stealing money from her and demanded that Plaintiff dump her pocketbook.

157.    Plaintiff denied the accusations of theft by Smith, Remy Ma and Remy Martin and refused to hand Defendant her pocketbook.

158.    Smith, Remy Ma and Remy Martin grabbed Plaintiff's pocketbook and when Plaintiff did not release her own pocketbook Plaintiff was shot twice by the Defendant.

159.    Plaintiff was injured in her stomach and her abdomen.

160.    While Plaintiff was bleeding, incapacitated by her injuries and pleading for her life, Smith, Remy Ma and Remy Martin searched Plaintiff's pocketbook.

161.    Upon failing to find the money she had accused Plaintiff of stealing, Smith, Remy Ma and Remy Martin tossed Plaintiff's purse and its contents aside and exited Plaintiff's car.

162.    Smith, Remy Ma, Remy Martin, John Doe 1, John Doe 2 and John Doe 3  failed to call 911 in order to provide medical assistance for the Plaintiff.

163.    Smith, Remy Ma, Remy Martin, John Doe 1, John Doe 2 and John Doe 3 left Plaintiff alone in Plaintiff's car and drove off  in the vehicle owned by Smith, Remy Ma and Remy Martin.

164.    Subsequently, criminal charges of attempted murder, assault and possession of a weapon were filed against Smith, Remy Ma and Remy Martin by the District Attorney for New York County.

165.    On or about August 2007  Smith was indicted for allegedly committing the following crimes:       Assault in the First Degree in violation of New York Penal Law Section 120.10(1), an armed felony; Assault in the First Degree in violation of New York Penal Law Section 120.10(4); Criminal Possession of a Weapon in the Second Degree in violation of New York Penal Law Section 265.03(3), an armed felony; Assault in the Second Degree in violation of New York Penal Law Section 120.05(4), an armed felony; An Attempt to Commit the Crime of Coercion in the First Degree in violation of New York Penal Law Section 110/135.65(1); Gang Assault in the Second Degree in violation of New York Penal Law Section 120.06; Tampering With A Witness in the Second Degree in violation of New York Penal Law Section 215.12(1); Intimidating A Victim or Witness in the Second Degree in violation of New York

Penal Law Section 215.16(1) and Assault in the Third Degree in violation of New York Penal Law Section 120.00(1).

166.    This action falls within one or more of the exceptions set forth in CPLR 1602.

## AS AND FOR A FIRST CAUSE OF ACTION

167.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 166 and pleads these allegations with the same force and effect as if fully set forth herein.

168.    Without good reason or justification, Smith, Remy Ma and Remy Martin willfully, wantonly and maliciously shot Plaintiff twice and with the intent to cause injury to Plaintiff and to endanger Plaintiff's life, health and safety.

169.    By reason of the battery of Plaintiff by Smith, Remy Ma and Remy Martin, Plaintiff sustained great external and internal bodily injuries had to be taken to a hospital by ambulance where she was required to undergo emergency medical treatment, including, but not limited to surgery and blood transfusions.

170.    By reason of the foregoing, Plaintiff was rendered sick, sore, lame and disabled, fearful, anxious and depressed and so remains, and still suffers severe physical pain and mental anguish.

171.    As a result of her injuries, Plaintiff was and still is unable to engage in her regular course of employment and her ability to perform her normal daily functions has been substantially impaired.

172.    By reason of the foregoing, Plaintiff suffered and still suffers great physical and mental pain and has been emotionally damaged.

173.    By reason of the foregoing, Plaintiff is obliged to seek additional and continuing medical treatment and has been informed and verily believes that the injuries inflicted upon her by Smith are permanent in nature.

174.    By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount of no less than ten million dollars and to punitive damages in an amount no less than ten million dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

175.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 174 and pleads these allegations with the same force and effect as if fully set forth herein.

176.    Smith, Remy Ma and Remy Martin willfully and maliciously restrained Plaintiff in her own car by physically threatening her with a gun to with the intent to cause Plaintiff to fear for her life, health and safety.

177.    Smith, Remy Ma and Remy Martin willfully and maliciously shot Plaintiff and then refused to seek medical attention for Plaintiff while searching Plaintiff's purse with the intent to cause Plaintiff to fear additional injury by these defendants.

178.    Smith has been known to carry a gun to enhance her personae as Remy Ma and Remy Martin and relied on such reputation to cause Plaintiff to fear for her life, health and safety.

179.    By reason of the assault of Plaintiff by Smith, Remy Ma and Remy Martin, Plaintiff was rendered sick, sore, lame and disabled, fearful, anxious and depressed and so remains, and still suffers severe physical pain and mental anguish.

180.    As a result of her injuries, Plaintiff was and still is unable to engage in her regular course of employment and her ability to perform her normal daily functions has been substantially impaired.

181.    By reason of the foregoing, Plaintiff is obliged to seek additional and continuing medical treatment and has been informed and verily believes that the injuries inflicted upon her by Smith are permanent in nature.

182.    By reason of the foregoing, Plaintiff suffered and still suffers great physical and mental pain and has been emotionally damaged.

183.    By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount of no less than ten million dollars and to punitive damages in an amount no less than ten million dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

184.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 183 and pleads these allegations with the same force and effect as if fully set forth herein.

185.    Smith, Remy Ma and Remy Martin willfully and maliciously restrained Plaintiff, accused her of theft, threatened her with a gun, shot her and then refused to seek medical attention for her while she was bleeding from her injuries with the intent to cause Plaintiff to fear for her life, health and safety.

186.    Smith, Remy Ma and Remy Martin willfully and maliciously engaged in such conduct with the intent to harass and intimidate Plaintiff and to cause Plaintiff to suffer the severe emotional distress of fearing for her life, health and safety.

187.    Plaintiff did suffer severe emotional distress from fearing that she would be injured and killed by Smith, Remy Ma and Remy Martin and after being shot by Smith, Remy

Ma and Remy Martin from believing that said defendants would inflict additional injury upon her and from believing that she would die from her injuries.

188.    By reason of the intentional infliction of emotional distress upon Plaintiff by Smith, Remy Ma and Remy Martin, Plaintiff was rendered sick, sore, lame and disabled, fearful, anxious and depressed and so remains, and still suffers severe physical pain and mental anguish.

189.    As a result of her injuries, Plaintiff was and still is unable to engage in her regular course of employment and her ability to perform her normal daily functions has been substantially impaired.

190.    By reason of the foregoing, Plaintiff is obliged to seek additional and continuing medical treatment and has been informed and verily believes that the injuries inflicted upon her by Smith are permanent in nature.

191.    By reason of the foregoing, Plaintiff suffered and still suffers great physical and mental pain and has been emotionally damaged.

192.    By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount of no less than ten million dollars and to punitive damages in an amount no less than ten million dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION

193.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 192 and pleads these allegations with the same force and effect as if fully set forth herein.

194.    Smith, Remy ma and Remy Martin forcefully entered Plaintiff's car without Plaintiff's consent or invitation and improperly, unlawfully and without good reason or justification, confined Plaintiff in her car by threatening Plaintiff with a gun.

195.    Plaintiff reasonably believed that Smith, Remy Ma and Remy Martin would injure or kill her if she attempted to escape from her car after Smith, Remy Ma and Remy Martin entered it and in fact was shot by Smith, Remy Ma and Remy Martin who sought to prevent Plaintiff's escape from the car and from the presence of said defendants while said defendants searched Plaintiff's purse.

196.    By reason of the intentional and unlawful imprisonment of Plaintiff by Smith, Remy Ma and Remy Martin,  Plaintiff was rendered sick, sore, lame and disabled, fearful, anxious and depressed and so remains, and still suffers severe physical pain and mental anguish.

197.    As a result of her injuries, Plaintiff was and still is unable to engage in her regular course of employment and her ability to perform her normal daily functions has been substantially impaired.

198.    By reason of the foregoing, Plaintiff is obliged to seek additional and continuing medical treatment and has been informed and verily believes that the injuries inflicted upon her by Smith are permanent in nature.

199.    By reason of the foregoing, Plaintiff suffered and still suffers great physical and mental pain and has been emotionally damaged.

200.    By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount of no less than ten million dollars and to punitive damages in an amount no less than ten million dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

201.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 199, and pleads these allegations with the same force and effect as if fully set forth herein.

202.    Smith, Remy Ma and Remy Martin negligently caused injury to Plaintiff by carelessly and recklessly handling a loaded gun while in close proximity to Plaintiff, failing to prevent the gun from firing while it was pointed directly at Plaintiff and to take any precaution to prevent injury to Plaintiff.

203.    By abandoning Plaintiff and failing to seek medical assistance for Plaintiff, Smith, Remy Ma and Remy Martin carelessly and recklessly caused Plaintiff's injuries to be aggravated and made more dangerous to Plaintiff's life, health and safety.

204.    By reason of the negligent infliction of emotional distress upon Plaintiff by Smith, Remy Ma and Remy Martin, Plaintiff was rendered sick, sore, lame and disabled, fearful, anxious and depressed and so remains, and still suffers severe physical pain and mental anguish.

205.    As a result of her injuries, Plaintiff was and still is unable to engage in her regular course of employment and her ability to perform her normal daily functions has been substantially impaired.

206.    By reason of the foregoing, Plaintiff is obliged to seek additional and continuing medical treatment and has been informed and verily believes that the injuries inflicted upon her by Smith are permanent in nature.

207.    By reason of the foregoing, Plaintiff suffered and still suffers great physical and mental pain and has been emotionally damaged.

208.    By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount of no less than ten million dollars and to punitive damages in an amount no less than ten million dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION

209.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 208, and pleads these allegations with the same force and effect as if fully set forth herein.

210.    Smith, Remy Ma and Remy Martin falsely, maliciously, unjustifiably and unlawfully accused Plaintiff of theft and shot Plaintiff with the intent to cause others to believe that Plaintiff did commit a crime and to cause harm to Plaintiff's reputation.

211.    The Defamation and Slander per Se of Plaintiff by Smith, Remy Ma and Remy Martin has caused Plaintiff to suffer mental anguish, embarrassment, humiliation and injury to her reputation.

212.    By reason of the foregoing, Plaintiff was rendered sick, sore, lame and disabled, fearful, anxious and depressed and so remains, and still suffers severe physical pain and mental anguish.

213.    As a result of her injuries, Plaintiff was and still is unable to engage in her regular course of employment and her ability to perform her normal daily functions has been substantially impaired.

214.    By reason of the foregoing, Plaintiff is obliged to seek additional and continuing medical treatment and has been informed and verily believes that the injuries inflicted upon her by Smith are permanent in nature.

215.    By reason of the foregoing, Plaintiff suffered and still suffers great physical and mental pain and has been emotionally damaged.

216.    By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount of no less than ten million dollars and to punitive damages in an amount no less than ten million dollars.

## AS AND FOR A SEVENTH CAUSE OF ACTION

217.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 216 and pleads these allegations with the same force and effect as if fully set forth herein.

218.    Defendants Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Padell, their principals, officers, directors, agents, servants and/or employees knew or should have known that prior to July 14, 2007, Smith had a history of unlawful, violent and anti-social behavior.

219.    Defendants Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees knew or should have known that prior to July 14, 2007, John Does 1 through 3 had histories of unlawful, violent and anti-social behavior.

220.    With gross negligence, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees hired and/or contracted with Smith, Remy Ma and/or Remy Martin and encouraged her to engage in a pattern of harassment, threats, intimidation, physical violence and illegal acts which were designed and calculated by these defendants to enhance, market and promote the personae of "Remy Ma" and "Remy Martin" and thereby, the economic interests of said defendants.

221.    Upon contracting with Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees, Defendants Smith, Remy Ma and Remy Martin did escalate the reckless, malicious, unlawful, violent and anti-social behavior promoted by said defendants.

222.    With gross negligence, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees hired and/or contracted with John Does 1 through 3 to engage in a pattern of harassment, threats, intimidation, physical violence and illegal acts with Smith and to protect Smith during her own unlawful, violent and anti-social behavior so as to enhance the image of the personae of Remy Ma and Remy Martin.

223.    Upon contracting with Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees, John Does 1 through 3 did escalate the reckless, malicious, unlawful, violent and anti-social behavior promoted by said defendants.

224.    Despite the escalating violent and unlawful conduct by Smith, Remy Ma, Remy Martin and John Does 1 through 3, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees continued their relationship with Smith, Remy Ma and Remy Martin and John Does 1 through 3.

225.    Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees were negligent in that they failed to implement policies to protect and prevent harmful contact between Smith, Remy Ma, Remy Martin and John Does 1 through 3 and the general public, and specifically Plaintiff, while promoting and encouraging the violent, anti-social and unlawful conduct of Smith, Remy Ma, Remy Martin and John Does 1 through 3.

226.    Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees did gain and still gain financial profit and economic benefit from the unlawful, violent and anti-social conduct of Smith, Remy Ma and Remy Martin and her harmful contact with the general public.

227.    Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees did gain and still gain financial profit and economic benefit from the unlawful, violent and anti-social conduct of John Does 1 through 3 and their harmful contact with the general public.

228.    By reason of the foregoing, Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees willfully, wantonly, recklessly and maliciously

exhibited a reckless indifference to, and callous disregard for the life, health, safety and rights of members of the general public, and in particular the life, health, safety and rights of Plaintiff.

229.    On or about July 14, 2007, Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees were negligent, in that they failed to take the necessary and precautionary measures to prevent Smith, Remy Ma, Remy Martin and John Does 1 through 3 from endangering the life, health, safety and rights of Plaintiff.

230.    By reason of the violent and unlawful conduct of Smith, Remy Ma, Remy Martin and John Does 1 through 3 which was encouraged and promoted by Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees, Plaintiff suffered great external and internal bodily injuries from and had to be taken to a hospital by ambulance where she was required to undergo emergency medical treatment, including, but not limited to surgery and blood transfusions.

231.    By reason of the negligence of Defendants Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees, Plaintiff was rendered sick, sore, lame and disabled, fearful, anxious and depressed and so remains, and still suffers severe physical pain and mental anguish.

232.    As a result of her injuries, Plaintiff was and still is unable to engage in her regular course of employment and her ability to perform her normal daily functions has been substantially impaired.

233.    By reason of the foregoing, Plaintiff is obliged to seek additional and continuing medical treatment and has been informed and verily believes that the injuries inflicted upon her by Smith, Remy Ma and Remy Martin are permanent in nature.

234.    By reason of the foregoing, Plaintiff suffered and still suffers great physical and mental pain and has been emotionally damaged.

235.    By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount of no less than ten million dollars and to punitive damages in an amount no less than ten million dollars.

## AS AND FOR A EIGHTH CAUSE OF ACTION

236.    Plaintiff repeats, re-alleges and incorporates each and every allegation in paragraphs 1 through 235 and pleads these allegations with the same force and effect as if fully set forth herein.

237.    Defendants Smith, Remynisce, New Era, Sherman, Turner, Sure Shot, Landry, Reach Global, Closter, SRC, Rifkind, Universal Music Group, Universal Music Investments, UMGD, Morris, Universal Music Canada, Padell, their principals, officers, directors, agents, servants and/or employees have publicized and promoted the incident in which Plaintiff was shot and the fact that Plaintiff did suffer severe physical injury to enhance the celebrity status of Remy Ma and Remy Martin, to market, distribute and sell to the general public recorded music, music videos, licensed products and to organize and/or promote concerts and other entertainment events which feature music performed by Remy Ma and Remy Martin to gain financial profit and economic benefit.